1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY L. DAVIS,                              No.  2:21-CV-0136-TLN-DMC-P

12                      Petitioner,

13          v.                                      <u>FINDINGS AND RECOMMENDATIONS</u>

14   SCOT KERAN,

15                      Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition for

19   a writ of habeas corpus, ECF No. 1.

20          Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21   dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

22   annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it

23   is plain that Petitioner is not entitled to federal habeas relief.

24          Here, Petitioner claims related to the conditions of his confinement are not cognizable

25   under § 2254.  When a state prisoner challenges the legality of his custody – either the fact of

26   confinement or the duration of confinement – and the relief he seeks is a determination that he is

27   entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ

28   of habeas corpus under 28 U.S.C. § 2254.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973);

                                                    1

1    see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49

2    F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a prisoner challenges the conditions of

3    confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights

4    action under 42 U.S.C. § 1983.  See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see

5    also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's

6    claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas

7    corpus' and may be brought, if at all, under § 1983").   Any claim that does not necessarily

8    shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction.

9    See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ____

10   F.3d ____, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v.

11   Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits).  Thus, 28 U.S.C. §

12   2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be

13   used to challenge the fact or duration of confinement.

14          When a habeas corpus action is filed which states claims cognizable under § 1983,

15   the district court may recharacterize the action as a civil rights action where the action is

16   amenable to such recharacterization.  See Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016)

17   (en banc).  A habeas action is amendable to recharacterization when it names the correct

18   defendants and seeks the correct relief.  See id.  If the district court is inclined to recharacterize a

19   habeas action as a civil rights action, it may only do so after "notifying and obtaining informed

20   consent from the prisoner."  Id.

21          Petitioner makes clear that his case concerns the conditions of confinement.  See

22   ECF No. 1, pg. 2.  Petitioner makes no reference to the facts relating to his underlying criminal

23   conviction, allegations which would be necessary to sustain a habeas claim.  Moreover, the

24   substance of the allegations Petitioner does set forth relate to medical care provided in prison,

25   which are claims relating to prison conditions and not the fact or duration of confinement.

26   Finally, the Court is not inclined to recommend that Petitioner's petition be recharacterized

27   because Petitioner names the prison warden and does not name the specific individuals who could

28   be responsible for the conditions of his confinement about which he complains.

1    Based on the foregoing, the undersigned recommends that Petitioner's petition for

2    a writ of habeas corpus, ECF No. 1, be summarily dismissed.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court.  Responses to objections shall be filed within 14 days after service of

7    objections.  Failure to file objections within the specified time may waive the right to appeal.  See

8    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10    Dated:  August 30, 2021

_____

11    DENNIS M. COTA
      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3